IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURENCE RICE *ex rel.* SHARON RICE,  )
                                       )
                Plaintiff,             )
                                       )                    CV 04-783-CO
        v.                             )
                                       )
JO ANNE B. BARNHART, Commissioner of   )                    FINDINGS AND
Social Security,                       )                    RECOMMENDATION
                                       )
_____Defendant._____ )

FLOYD H. SHELBEY, PC
PO Box 1717
Oregon City, OR 97045

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
CRAIG J. CASEY
Assistant United States Attorney
1000 SW Third Avenue, Ste 600
Portland, Oregon 97204

LUCILLE G. MEIS

Office of General Counsel
L. JAMALA EDWARDS
Special Assistant United States Attorney
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104

      Attorneys for Defendant

COONEY, Magistrate Judge:

## INTRODUCTION

Laurence Rice ("plaintiff") brings this action on behalf of Sharon Rice ("Rice") for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 USC § 405(g). The Commissioner's decision should be remanded for further proceedings.

## BACKGROUND

The ALJ found that Rice became disabled by cancer as of November 1, 2001. Rice does not dispute that portion of the decision. This appeal relates to the ALJ's findings and conclusions with respect to the relevant period beginning with her alleged onset of disability on November 11, 1998, and ending on the date of onset found by the Commissioner, November 1, 2001.

Rice was 53 years old at the alleged onset of disability. She had a high school education and past relevant work as a legal secretary and administrative clerk. In addition, she and her husband owned and operated a tavern, where Rice cooked, tended bar and kept the books. She had no difficulty performing any of these functions until October 1998, although she had a history of a neck injury with surgical fusion of the cervical spine.

On October 24, 1998, Rice was physically assaulted by an intoxicated patron of the tavern. She alleged that this caused the cervical fusion to fail and resulted in headaches and severe pain in the

neck and arm. Her symptoms did not respond to conservative treatment or repeat fusion surgery and she developed additional symptoms suggesting fibromyalgia and myofascial pain syndromes and osteoarthritis.

Rice alleged she became unable to work on November 11, 1998, due to extreme pain and numbness in the arms and hands, body weakness, pain in the chest, head and legs, headaches, mini-strokes, fatigue and numbness. She alleged that these symptoms limited her ability to drive, sit and stand and left her with slurred speech, blurred vision and poor balance.

In November 2001, Rice was diagnosed with cancer of the pancreas with metastases in the liver. She underwent chemotherapy, but died on March 14, 2002. Her husband was then substituted as plaintiff.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 US 137, 140 (1987); 20 CFR § 404.1520. Each step is potentially dispositive.

At step one the Commissioner will determine that the claimant is not disabled if she is engaged in substantial gainful activity. *Yuckert*, 482 US at 140; 20 CFR § 404.1520(b).

At step two the Commissioner will find the claimant not disabled if she has no medically determinable impairment that is "severe" within the meaning of the Act. *Yuckert*, 482 US at 140-41; 20 CFR § 404.1520(c).

At step three the Commissioner will find the claimant disabled if her impairments meet or equal the criteria for "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 US at 140-41; 20 CFR § 404.1520(d). The criteria for these listed impairments, also called Listings, are enumerated in 20 CFR Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 CFR § 404.1520(e), 404.1545; Social Security Ruling ("SSR") 96-8p.

At step four the Commissioner will find the claimant not disabled if she retains the RFC to perform work she has done in the past. 20 CFR § 404.1520(e).

If the adjudication reaches step five, the Commissioner must determine whether the claimant can perform other work that exists in the national economy. *Yuckert*, 482 US at 141-42; 20 CFR § 404.1520(f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 US at 141-42; *Tackett v. Apfel*, 180 F3d 1094, 1099 (9th Cir 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 404.1566.

# THE ALJ's FINDINGS

At step one, the ALJ made no finding as to whether Rice engaged in substantial gainful activity during the relevant period. At step two, he apparently found that Rice had no severe impairments during the relevant period. He concluded that her allegations of myofascial pain syndrome, chronic fatigue syndrome, strokes, headaches and blurry vision were not supported by medical evidence. He made no findings about the existence or severity of her impairment from degenerative disc disease or osteoarthritis. He made no findings at step three with respect to the period before Rice was diagnosed with cancer.

The ALJ apparently believed that Rice had at least one impairment that was severe within the meaning of the Act, because he assessed her RFC and reached step four. The ALJ relied on the RFC assessment of agency medical consultants from June 2000. They found that Rice had exertional limitations consistent with the requirements of light work, but had limited ability to reach overhead due to degenerative disc disease of the cervical spine and associated radiculopathy. Her degenerative disc disease also required that she avoid even limited exposure to vibrations. Tr. 283, 285, 286.[1]

At step four, the ALJ adopted the agency's findings at the initial and reconsideration levels that Rice retained the RFC to perform her past work as a legal secretary until cancer was diagnosed in November 2001. He found that she was not under a disability until that time.

# STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 USC

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of record filed with the Commissioner's Answer. (Docket # 6).

§ 405(g); *Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F3d at 1039-40. If substantial evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001).

## DISCUSSION

Plaintiff challenges the ALJ's finding at step two that Rice had no severe impairments before being diagnosed with cancer in November 2001. He challenges the ALJ's RFC assessment on the grounds that the ALJ failed to articulate legally adequate reasons for discrediting Rice's subjective statements and failed to properly evaluate the opinions of her treating physicians. Plaintiff also alleges that the ALJ did not have adequate vocational evidence to support the finding that Rice was able to perform her past work as a legal secretary until she was diagnosed with cancer.

## I.     Step Two

At step two the Commissioner will find the claimant not disabled if she has no medically determinable impairment that is "severe" within the meaning of the Act. *Yuckert*, 482 US at 140-41; 20 CFR § 404.1520(c). If the claimant has at least one severe impairment, the ALJ must consider all medically determinable impairments, severe and non-severe, in the remaining steps of the sequential evaluation. 20 CFR § 404.1523.

Here the ALJ found that:

> the claimant's alleged impairments of Myofascial Pain Syndrome, Chronic Fatigue Syndrome, Alleged Strokes, Headaches and Blurry Vision, are not supported in the medical evidence as severe impairments which would have precluded her from performing her Past Relevant Work, prior to the established disability onset date of November 1, 2001.

Tr. 31.

The ALJ compressed into a single step a sequence of three required findings, *i.e.* whether there are severe impairments at step two, the limitations of Rice's RFC, and whether she retains the ability to perform past work at step four. The court cannot determine whether the ALJ found that these impairments were not medically determinable, not severe or did not cause functional limitations inconsistent with Rice's past work.

On remand the Commissioner must revisit the medical evidence, evaluate any medically determinable impairments based on all the evidence in the record and make findings in the proper sequence.

## II.   RFC Assessment

### A.   Credibility Determination

Plaintiff contends the ALJ failed to articulate legally sufficient reasons for discrediting Rice's testimony. If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and no affirmative evidence of malingering exists, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. *Smolen v. Chater*, 80 F3d 1273, 1281-82 (9th Cir 1996); *Cotton v. Bowen*, 799 F2d 1403, 1407-08 (9th Cir 1986).

The ALJ did expressly evaluate Rice's credibility. He apparently believed that many of her allegations were not supported by the medical evidence. However, an ALJ may not reject a claimant's testimony about the severity of her symptoms solely because it is not corroborated fully by objective medical findings. *Cotton*, 799 F2d at 1408. Because the ALJ failed to specify which of Rice's alleged impairments were determinable by objective medical evidence in step two, the court cannot determine whether he should have assessed her credibility regarding the severity of her symptoms.

On remand, the Commissioner must evaluate Rice's subjective statements about the severity of symptoms that could reasonably arise from any medically determinable impairments in accordance with the factors described in SSR 96-7p.

## B. <u>Medical Opinions</u>

Plaintiff contends the ALJ failed to articulate legally sufficient reasons for discrediting the opinions of Rice's treating and examining physicians in favor of the non-examining agency medical consultants.

The Commissioner relies on medical consultants to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. 20 CFR § 404.1527(f); SSR 96-6p. Such reviewing sources do not treat or examine the claimant. Therefore, their opinions are held to stricter standards and are given weight only to the extent they are supported by the record and consistent with the record as a whole. SSR 96-6p. The ALJ must explain the weight given to such opinions in his written decision. *Id.*

The opinion of a non-examining physician by itself does not constitute substantial evidence to reject the opinions of treating or examining physicians. *Lester*, 81 F3d at 831. It may, however,

constitute substantial evidence when it is consistent with other evidence in the record.  *Andrews v.*

*Shalala*, 53 F3d at 1041; *Magallanes v. Bowen*, 881 F2d 747, 752 (9th Cir 1989).  The ALJ's written

decision did not adequately explain the weight he gave the opinions of Rice's medical providers and

the agency medical consultants.

In addition, Rice's condition clearly involved at least one progressive disease process

requiring the ALJ to infer the onset of a disabling level of severity.  The ALJ should call on the

services of a medical expert when onset must be inferred.  SSR 83-20.  He failed to do so in this case.

## III.    <u>Vocational Evidence</u>

Plaintiff contends that the ALJ did not have sufficient vocational evidence to find that Rice

was capable of performing her past  work.  He contends the ALJ should have taken testimony from

a vocational expert regarding the functional requirements of her former work.  The court finds no

error in this regard.

A claimant will be found to be not disabled when it is determined that she retains the RFC to

perform the actual functional demands and job duties of a particular past relevant job as she

performed it, or the functional demands and job duties of the occupation as generally required by

employers throughout the national economy.  SSR 82-61.

For information about the job requirements of an occupation as generally performed

throughout the economy, the Commissioner relies primarily on the Department of Labor publication

*Dictionary of Occupational Titles* and may call a vocational expert to explain or expand on the

information found there.  20 CFR Part 404, Subpart P, Appendix 2 § 200.00(b); *see also* SSR 00-4p.

The ALJ did not require the assistance of a VE because he based his finding at step four on

the job requirements of Rice's former work as she described them, not as they are performed

generally in the national economy.  Nonetheless, on remand the Commissioner will have to revisit her determination at step four based her conclusions after a proper evaluation of the record as a whole.

## **RECOMMENDATION**

Based on the foregoing, the ALJ's determination that Rice did not suffer from a disability prior to the date she was diagnosed with cancer should be remanded for further proceedings consistent with these findings pursuant to sentence four of 42 USC § 405(g).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the  factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____29_____ day of March, 2005.

_____/s/_____
John P. Cooney
United States Magistrate Judge